IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PANDOLFO, JR., and
DIANE PANDOLFO, Individually
And on behalf of their son,
MICHAEL PANDOLFO, III,

       Plaintiffs,

vs.                                                                            No. CIV 08-0231 JB/DJS

ELAINE LABACH, NICK GRADY
and BRUCE GRADY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Opposed Motion for Leave to Amend Complaint, filed February 17, 2009 (Doc. 32)("Motion"). The Court held a hearing on April 10, 2009. The primary issue is whether the Court should allow the Plaintiffs to add a claim for intentional spoliation of evidence. Because the Court cannot say that the proposed claim is unduly and unfairly untimely, and because the Court cannot say on the record that the proposed claim is futile, the Court will grant the motion to amend the Complaint.

## FACTUAL BACKGROUND

This case arises out of an accident that left Michael Pandolfo III with severe burns. On May 14, 2006, Michael III was visiting Defendant Bruce Grady and Defendant Elaine Labach's home to help Bruce and his son, Nick Grady, repair an abandoned vehicle the Gradys had towed home. See Exhibit F to Motion, Plaintiff's First Amended Complaint to Recover Damages for Personal Damages & Loss of Consortium ¶ 6, at 2 (Doc. 32-7)("Amended Complaint"). Unable to get the vehicle to start, they first tried new spark plugs. See id. ¶ 8, at 2. When that repair failed, they

bought ether. See id. ¶ 9, at 2. Ether, which is highly flammable, can be used to start a recalcitrant motor, because ether is easy to ignite. Bruce left Michael III and Nick to try the ether out, allegedly without instructing them on the proper technique. See id. ¶ 10. Michael III blew ether into the carburetor, and Nick then cranked the starter, with Michael III still standing in front of the car. See id. ¶ 11, at 3. A spark lit the ether, and a flame leaped up, engulfing Michael III's face, neck, and hands. See id. ¶ 12, at 3.

Three days after this incident, Plaintiff Michael Pandolfo, Jr. told Bruce that he was going to pursue legal action for the injuries his son Michael III had suffered. See Exhibit A to Motion, Answers and Responses to Plaintiffs' First Discovery Instrument to Defendant Bruce Grady, Answer to Interrogatory No. 5, at 3 (Doc. 32-2). Bruce believed that an investigator visited his property and may have taken photographs after the fire. See Exhibit B to Motion, Answer to Interrogatory No. 21, at 11 (Doc. 32-3). According to Bruce, Michael, Jr. also took photographs of the vehicle after the fire. See Response to Plaintiff's Opposed Motion for Leave to Amend Complaint at 3, filed February 17, 2009 (Doc. 35)("Response").[1] Bruce states that, when he inspected the vehicle, he saw that Michael III had not returned the spark plug to the correct location, which Bruce believed caused the fire, and that Bruce also found two pieces of wood "jammed into the carburetor intake." Exhibit D to Motion, Answer to Interrogatory No. 3, at 2 (Doc. 32-5).

Sometime in July or August 2006, while the Defendants were preparing to move to Missouri, Bruce called a towing company to take away the vehicle. See Exhibit E to Motion, Answer to Interrogatory No. 25, at 13 (Doc. 32-6). Bruce no longer knows the whereabouts of the vehicle. See

---

[1] The Response cites Michael, Jr.'s deposition testimony for this assertion, but the Defendants state that a transcript of the deposition was unavailable when the Response was drafted.

id. After the Defendants moved from New Mexico, Allstate, the Defendants' insurer, told the Plaintiffs' attorney that the Defendants would not release information about their new address or policy limits, indicating that the Defendants were aware that a claim was being made against them. See Exhibit C to Motion, Letter from Ganesha Martin to Cathy Lankford (dated March 1, 2007)(Doc. 32-4).

## PROCEDURAL BACKGROUND

Michael, Jr., and Plaintiff Diane Pandolfo, who are New Mexico residents, filed suit in state court on behalf of their son, Michael III. By the time the case began, the Defendants had moved to Missouri. The Defendants removed the case to federal court based upon diversity of citizenship. See Notice of Removal ¶ 4, at 2, filed March 4, 2008 (Doc. 1).

The Plaintiffs originally had until August 27, 2008, to amend their pleadings under the Court's scheduling order. See Joint Status Report and Provisional Discovery Plan at 1, filed May 28, 2008 (Doc. 7); Order Adopting Joint Status Report and Provisional Discovery Plan, entered June 16, 2008 (Doc. 10). Some of the deadlines were extended, but neither the motion to extend nor the Court's order granting the extension specifically mentioned the deadline for amendment to pleadings. See Plaintiffs' Unopposed Motion to Extend Pre-Trial Deadlines and Reset Settlement Facilitation ¶¶ 3-6, at 1-2, filed November 17, 2008 (Doc. 19); Stipulated Order Granting Plaintiffs' Unopposed Motion to Extend Pre-Trial Deadlines at 1, entered November 18, 2008 (Doc. 20). Discovery, under the new deadlines, formally closed on February 1, 2009.

The Plaintiffs now move to amend their Complaint. They primarily wish to add a claim for spoliation of evidence and to recite new facts that discovery has revealed. They assert that "discovery is in essence just beginning and depositions are currently scheduled and ongoing," so the Defendants will "have sufficient opportunity to address these new claims." Motion ¶ 17, at 4. They

contend that their contemplated amendments are not subject to dismissal. See id. at 5.

The Defendants counter that there is no reason for the Plaintiffs to have waited to add a spoliation claim and that, if the Plaintiffs believed that the vehicle was necessary to prove their claims, they should have sought to preserve the vehicle. See Response at 2-3. The Defendants also assert that the vehicle is largely irrelevant to any of the claims in the case. See id. at 3. In addition to arguing untimeliness, the Defendants maintain that the proposed amendment is futile. Citing Torres v. El Paso Elec. Co.., 127 N.M. 729, 748, 987 P.2d 386 (1999), overruled in part on other grounds by Herrera v. Quality Pontiac, 134 N.M. 43, 73 P.3d 181 (2003), the Defendants contend that the Plaintiffs must show that Bruce disposed of the vehicle with the "*sole intent* of disrupting or defeating the lawsuit." Response at 4 (emphasis in original). The Defendants argue that the Plaintiffs cannot make this showing and thus their spoliation claim would be futile.

In reply, the Plaintiffs contend that their motion is timely, because of delays in receiving discovery from the Defendants and because it was only when they received interrogatory responses in November 2008 that the Plaintiffs were able to confirm their suspicions about Bruce's removal of the vehicle. See Plaintiffs' Reply to Defendants' Response to Plaintiffs' Opposed Motion for Leave to Amend Complaint at 2-3, filed March 3, 2009 (Doc. 38). The Plaintiffs also maintain that the vehicle is relevant because one of the Defendants' affirmative defenses will be that Michael was negligent, which is a defense based upon Bruce's observations of the vehicle after the fire. See id. at 3. Finally, the Plaintiffs argue that whether Bruce's actions were taken with sufficient intent to despoil evidence is a question that should be left to the jury to resolve. See id. at 4-5.

At the hearing, Ganesha Martin, the Plaintiffs' counsel, stated that she first learned that the vehicle was gone in November 2008, when she first received written discovery, and that this fact was not, in her mind, confirmed until January and February 2009. See Transcript of Hearing at 2:7-

20 (Court & Martin)(taken April 10, 2009)("Tr.").[2]  She also stated that efforts to track the vehicle down would be fruitless because the vehicle had been abandoned: the Gradys found it with no VIN number and a screwdriver in the steering column.  See id. at 13:25-14:4 (Martin).  Mark Klecan, the Defendants' attorney, stated that he would undertake no additional discovery if leave to amend were granted and that some of the untimeliness was the result of him not getting initial discovery to the Plaintiffs sooner.  See id. at 14:6-11 (Klecan), id. at 14:19-15:1 (Court & Klecan).  Accordingly, Mr. Klecan stated he thought his issue with the motion was more one of futility than untimeliness. See id. at 15:1-2 (Klecan).

## ANALYSIS

The Defendants raise three arguments in opposition to granting leave to amend: (i) that the motion is untimely; (ii) that the vehicle is not relevant to any claims in this case; and (iii) that a spoliation claim would be futile because there is no evidence of the requisite intent to impede a lawsuit.  After the hearing, although the Defendants did not expressly concede the untimeliness issue, the main dispute centers around the latter two points.  Ultimately, though, the Court believes that the Defendants' arguments are unavailing.

While the Court believes that this motion is untimely, there does not appear to be any prejudice as a result and the Plaintiffs are not responsible for all of the untimeliness.  Mr. Klecan admitted that the untimeliness of the motion was a result, at least in part, of when he was able to get discovery to the Plaintiffs.  See Tr. at 14:19-15:1 (Court & Klecan).  Ms. Martin has represented to the Court that she did not become aware that the vehicle was gone until she received written discovery and that she did not feel that information was confirmed until the depositions in January

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

and February of 2009. See id. at 2:7-20 (Court & Martin). There may be some untimeliness to the motion, but in these circumstances it would be unfair to attribute significant delay to the Plaintiffs. More importantly, the Defendants have stated that the spoliation claim would not require them to conduct any more discovery. See Tr. at 14:6-11 (Klecan). With no indication of prejudice to the Defendants, it is appropriate to resolve the claim on the merits, rather than disallowing it for procedural reasons.

Another of the Defendants' arguments is that the vehicle is not relevant to this case. While the Plaintiffs agree that they are essentially raising negligent supervision claims, see Tr. at 18:15-16 (Martin), the Court cannot say that the vehicle's post-accident condition is irrelevant to this lawsuit. Relevant evidence is broadly defined under the Federal Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Defendants are apparently going to be arguing at trial that Michael III's negligence contributed to or caused his injuries. Bruce's inspection of the vehicle, which turned up what he believed was a misplaced spark plug that contributed to the fire as well as wood stuck in the carburetor, forms at least some of the basis of the defense. Given this likely defense and its foundation, the Court cannot say that the vehicle's condition is irrelevant. While the Plaintiffs have had some opportunity to inspect the vehicle before it disappeared, this fact makes the vehicle less necessary to the Plaintiffs' case, but not less relevant.

Futility is the main argument that the Defendants are advancing now. Leave to amend may be denied on the grounds of futility when a complaint, "as amended, would be subject to dismissal." Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). The Court cannot say that the spoliation of evidence claim the Plaintiffs wish to add is

futile.

> Spoliation of evidence has five elements:
>
> (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on the part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

Torres v. El Paso Elec. Co. ¶ 37, 127 N.M. at 744, 987 P.2d at 401.  The Defendants do not contest elements 1, 2, 3, and 6.  Intent is the element on which the Defendants focus.  They contend that spoliation requires action undertaken with the "*sole intent* of disrupting or defeating the lawsuit," Response at 4 (emphasis in original), and that the Plaintiffs cannot meet this high standard.  They also argue that the Plaintiffs cannot show a causal relationship, based upon the condition of the vehicle not being relevant.  The vehicle's condition, however, is relevant and is "a fact of consequence disputed by the parties," which the presence of the vehicle could help prove one way or the other.  Torres v. El Paso Elec. Co. ¶ 45, 127 N.M. at 747, 987 P.2d at 401.  The Plaintiffs have therefore presented some evidence of a causal relationship.

Based on the need to prevent "the tort of intentional spoliation of evidence" from causing "undue interference with property rights," the Supreme Court of New Mexico has held that the tort "seeks to remedy acts taken with the sole intent to maliciously defeat or disrupt a lawsuit." Id. ¶ 50, 127 N.M. at 748, 987 P.2d at 405.  The Defendants are thus correct that New Mexico law requires sole intent to prove the tort of intentional spoliation.  Their futility argument is not, however, that the proposed amendment is legally flawed, but that the Plaintiffs do not have the evidence to back up the claim.

The Court is reluctant to delve into the sufficiency of evidence on a motion for leave to amend.  Nonetheless, "[a] court properly may deny a motion for leave to amend as futile when the

proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir. 1997). Here, however, the parties have not necessarily proceeded in standard summary judgment fashion and do not yet have transcripts of their depositions available. There does not seem to be much dispute about what the evidence will show, however, but rather about whether that evidence is sufficient given the standard for showing intentional spoliation of evidence in New Mexico. From what evidence the Court has before it, it cannot say that the Plaintiffs' proposed claim is futile.

The Defendants' challenge is to whether the Plaintiffs have sufficient evidence regarding the Defendants' intent. Several pieces of evidence all indicate that the Defendants were aware of a possible lawsuit, including most directly that three days after the incident that injured Michael III, Michael, Jr. told Bruce that he was going to bring a claim over the incident. See Answer to Interrogatory No. 5, at 3. Having the car towed off with this knowledge could reasonably give rise to an inference that the Defendants intended to dispose of potential evidence.

The car was not towed away, however, until shortly before the Defendants moved to Missouri, several months after the incident, and spoliation requires a showing of a defendant's "sole intent to maliciously defeat or disrupt a lawsuit." Torres v. El Paso Elec. Co. ¶ 50, 127 N.M. at 748, 987 P.2d at 405. After the Defendants left the state, however, they also, as the letter to Allstate indicates, refused to divulge their new address or release policy information to the Plaintiffs. An inference can be drawn from this behavior that the Defendants had, despite not getting rid of the car sooner, later decided that they were going to try to obstruct any litigation. Moreover, the line between intent and sole intent is a difficult one for a court to draw as a matter of law. On summary judgment, a motion to dismiss, and certainly on a motion to amend, all reasonable inferences must

be drawn in the Plaintiffs' favor. There is some evidence of an intent to destroy evidence. There is also much evidence to the contrary. Sorting out whether the evidence shows an intent, a sole intent, or no intent at all is a task for the jury.

In Torres v. El Paso Elec. Co. the Supreme Court of New Mexico indicated that the bar for stating a claim for spoliation of evidence is high. The Supreme Court held there was insufficient evidence of intent where the only evidence supporting spoliation was evidence that the defendant electric company had disposed of a utility pole knowing of an impending lawsuit over the plaintiff's electrocution while working on power lines, while other evidence indicated that the company had acted out of safety concerns and had made a conscious decision that the pole was not relevant evidence, while other pieces of evidence, such as the transformers, were preserved because the company believed they were relevant. See id. ¶ 51, 127 N.M. at 748, 987 P.2d at 405. Unlike in Torres v. El Paso Elec. Co., however, there is no evidence here suggesting that the Defendants got rid of evidence because of the trial and only unsupported allegations explaining why the Defendants had the vehicle towed -- the move to Missouri. Instead, the evidence on both sides requires drawing inferences one way or the other. While the Defendants may support those allegations at trial, and the jury may choose differently than the Plaintiffs desire, the Court must take every reasonable inference in the Plaintiffs' favor. In any case, on the record before the Court on the motion to amend, the Court cannot say that it would be futile to allow the Plaintiffs to amend their Complaint to add a claim for spoliation of evidence.

**IT IS ORDERED** that Plaintiffs' Opposed Motion for Leave to Amend Complaint is granted.


 

                                                                        _____  
                                                                        UNITED STATES DISTRICT JUDGE

*Counsel*:

Ganesha M. Martin  
Fadduol, Cluff & Hardy, P.C.  
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Mark J. Klecan  
Elaine R. Dailey  
Klecan & Childress  
Albuquerque, New Mexico

    *Attorneys for the Defendants*


-10-
