**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL PANDOLFO, JR. and
DIANA PANDOLFO, Individually
and on behalf of their minor son,
MICHAEL PANDOLFO, III,

        Plaintiffs,

v.  No. CIV 08-0231 JB/RHS

ELAINE LABACH, NICK GRADY
and BRUCE GRADY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Allstate Property and Casualty Insurance Company's Motion for Leave to File Complaint-In-Intervention for Declaratory Relief, filed August 20, 2009 (Doc. 47)("Motion"). The Court held a hearing on October 16, 2009. The primary issue is whether the Court should allow Plaintiff-in-Intervention Allstate Property and Casualty Insurance Company to intervene in this case for the limited purpose of proposing special interrogatories, when Allstate did not file its motion until two months before the trial setting. The Court, after careful review of the record and relevant law, will grant Allstate's Motion for Leave to file Complaint-In-Intervention for Declaratory Relief on certain conditions.

**FACTUAL BACKGROUND**

Plaintiff Michael Pandolfo, Jr. gave his son, Michael Pandolfo, III,[1] permission to assist Nick

---

[1] The Plaintiffs' Complaint refers to the Pandolfo father and son as Michael Pandolfo and Michael Pandolfo, Jr., respectively. The caption in recent documents in the Court record, including Plaintiffs' Response to Allstate Property and Casualty Insurance Company's Motion, filed September 4, 2009, see Doc. 49, refer to the Pandolfo father and son as Michael Pandolfo, Jr. and Michael Pandolfo, III, respectively. The Court will follow the current caption and refer to the Pandolfo father and son as Pandolfo, Jr. and Pandolfo III, respectively.

Grady in repairing a vehicle on the condition that Nick's father, Bruce Grady, would supervise the repairs.  See Plaintiffs' Complaint to Recover Damages for Personal Injury & Loss of Consortium ¶¶ 6-7, at 2, filed March 4, 2008 (Doc. 1-2).  Grady did not supervise his son and Pandolfo III while they worked on the vehicle using ether.  See id. ¶ 10.  A spark lit the ether, causing a flame to rise and engulf Pandolfo III's face, neck, and hands.  See id. ¶ 12.

The Plaintiffs have sued the Defendants to recover damages for personal injury to Pandolfo III that the ether flames caused.  See Complaint ¶¶ 15-35, at 3-8.  Allstate issued a homeowner's insurance policy to Defendant Elaine Labach which was in effect at the time of the accident.  See Motion ¶ 4, at 1.  Allstate is providing a defense to the Defendants under a full and complete reservation of rights.  See id. ¶ 5, at 2.  Allstate contends that there is an actual controversy whether Allstate has any obligation to defend or indemnify the Defendants from any of Plaintiffs' claims.  See id.

**PROCEDURAL BACKGROUND**

The Defendants removed this case from state court on March 4, 2008.  See Notice of Removal, filed March 4, 2009 (Doc. 1).  The Court set this case for trial on November 2, 2009.  See Minute Order, filed May 1, 2009 (Doc. 46).

Allstate filed its motion for leave to file a complaint-in-intervention on August 20, 2009. See Doc. 47.  The Court set a hearing on Allstate's motion for leave to file a complaint-in-intervention for October 16, 2009.  See Notice, filed October 13 (Doc. 53).  The Court held a hearing on Allstate's motion on October 16, 2009.  See Clerk's Minutes, filed October 16, 2009 (Doc. 56).

The Court vacated the trial scheduled for November 2, 2009, and reset the trial for January 11, 2009.  See Minute Order, filed October 20, 2009 (Doc. 54).


**LAW REGARDING INTERVENTION**

Rule 24 of the Federal Rules of Civil Procedure provides:

**(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(bolded in original).  The United States Court of Appeals for the Tenth Circuit "follow[s] a somewhat liberal line in allowing intervention." Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001)(citation omitted).

The court assesses the timeliness of a motion to intervene "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Utah Ass'n of Counties v. Clinton, 255 F.3d at 1250 (citation omitted).  The requirement of timeliness is a "guard against prejudicing the original parties by the failure to apply sooner.  Federal courts should allow intervention where no one would be hurt and greater justice could be attained." Id.

A would-be intervenor has the "minimal" burden of showing "only that impairment of its substantial legal interest is possible if intervention is denied." WildEarth Guardians v. United States Forest Service, 573 F.3d 992, 995 (10th Cir. 2009) (citation omitted).  "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Id.  "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." Id. at 996.

The would-be intervenor also has the "minimal" burden of showing that its "interest [will]

not be adequately represented by the existing parties to the litigation." WildEarth Guardians v. United States Forest Service, 573 F.3d at 996. "[A]n intervenor need only show the possibility of inadequate representation." Id.

## ANALYSIS

Allstate seeks to intervene for the sole purpose of providing proposed special interrogatories at the trial. The Plaintiffs object to granting leave to file a complaint-in-intervention because they have not seen Allstate's propose special interrogatories, have not had an opportunity to prepare accordingly, and may need to conduct additional discovery to prepare. The Court finds the Plaintiffs will not be prejudiced if it allows Allstate to intervene under certain conditions.

Allstate is currently providing a defense to the Defendants under a full and complete reservation of rights. See Motion ¶ 5, at 2. Allstate contends that there is an actual controversy whether Allstate has any obligation to defend or indemnify the Defendants from any of the claims that the Plaintiffs have asserted. See id. "Allstate does not seek to delay trial, does not seek to be a disclosed party or to actively participate as a party at trial, and seeks to intervene at this time for the purpose of providing proposed special interrogatories to be use[d] at trial so that coverage issues may be determined by the fact finder at trial." Motion ¶ 10, at 2.

The Plaintiffs argue that they should be made aware of what questions Allstate intends to present to the jury "for purposes of determining if Plaintiffs' prior discovery is adequate to address the new issues that Allstate is interested in advancing." Response ¶ 10, at 3. The Plaintiffs proposed that "if Allstate is taking a position that it might not pay a verdict rendered in Plaintiffs' favor; further discovery should be completed regarding the assets of the Defendants which Plaintiffs will look to for satisfaction of a verdict." Response ¶ 11, at 3. The Plaintiffs indicated that they would reconsider their position if Allstate produces the questions before trial thereby providing the

Plaintiffs an opportunity to prepare accordingly. See Response ¶ 12, at 3. The Defendants do not oppose the Motion. See Motion ¶ 8, at 2. Allstate replied to the Plaintiffs' response, noting that the Plaintiffs made no legal argument opposing Allstate's motion to intervene and instead raised only a few questions that the Court can determine after Allstate intervenes. See Reply in Support of Motion for Leave to file Complaint-in-Intervention for Declaratory Relief at 1-2, filed September 15, 2009 (Doc. 51).

The Court opened the October 16, 2009, hearing by suggesting that Allstate submit its proposed interrogatories to the other parties, indicating it would allow the Plaintiffs to do additional discovery, and asking the parties to discuss how they intended to try the case if Allstate is in the case, specifically, whether the Court should submit the interrogatories to the jury with the verdict form or bifurcate the trial. See Hearing Transcript at 2:5-19 (taken October 16, 2009) ("Tr.")(Court).[2] After hearing the parties' discussion, the Court suggested a bifurcated approach of sending only the verdict form to the jury. See Tr. at 8:1-9 (Court). If the jury returns a verdict for the Defendants, then the Court need not submit the special interrogatories; if the jury returns a verdict for the Plaintiffs, then the Court submits the interrogatories to the jury. See id. Neither the Plaintiffs nor the Defendants objected to the bifurcated approach. See Tr. 8:21-22 (Klecan); Tr. 9:11-12 (Martin).

The Court instructed Allstate to give its proposed verdict form to the Plaintiffs and gave the Plaintiffs an opportunity to do additional discovery. See Tr. at 10:16-23 (Court). The Court told the parties to plan that there will be no new evidence or argument after the jury returns a verdict.

---

[2]The Court's citations to the transcript of the October 16, 2009, hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

See Tr. at 13:8-10 (Court).  After taking the verdict, the Court will give the jury the interrogatories and return the jury to deliberation.  See Tr. at 13:10-14 (Court).  The Court instructed the parties to notify the Court if they determine that the Court's planned approach is not practical.  See Tr. at 13:14-17 (Court).  The Court thus stated it would grant Allstate's motion on certain conditions.  See Tr. at 13:18-20 (Court).

On October 23, 2009, Allstate submitted its requested jury interrogatories to the Court.  See Plaintiff-in-Intervention's Requested Special Interrogatories, filed October 23, 2009 (Doc. 57).  To this date, the parties have not notified the Court that its proposed, bifurcated approach would be impractical, nor have they filed objections to Allstate's proposed special interrogatories.  The Court will therefore move forward as discussed above.

**IT IS ORDERED** that Allstate Property and Casualty Company's Motion for Leave to File Complaint-In-Intervention for Declaratory Relief is granted, but Allstate's participation in this case will be limited, as Allstate indicated in its motion, to proposing jury interrogatories.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Ganesha M. Martin
Fadduol, Cluff & Hardy, P.C.
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Dale R. Rugge
Rugge, Rosales & Associates, P.C.
Albuquerque, New Mexico

    *Attorney for the Plaintiff in Intervention*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

    *Attorney for the Defendants*