IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PANDOLFO, and
DIANA PANDOLFO, Individually
and on behalf of their minor son,
MICHAEL PANDOLFO, JR.,

       Plaintiffs,

vs.                                                              No. CIV 08-0231 JB/RHS

ELAINE LABACH, NICK GRADY
and BRUCE GRADY,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion for Stay of Proceeding, filed April 12, 2010 (Doc. 68). The Court held a hearing on April 12, 2010. The primary issue is whether the Court should vacate the trial set for next week and stay proceedings because (i) Defendant Bruce Grady works for a military contractor and is presently working in Afghanistan for that contractor; and (ii) Defendant Nick Grady serves in the United States Army and is scheduled to be in training for deployment to the Middle East during the time at which the trial is scheduled. Because the Servicemembers Civil Relief Act applies to N. Grady, and the Court sees no sound reason for proceeding to trial against B. Grady only to repeat the process once N. Grady is again available for trial, the Court will grant the motion to stay and vacate the April 19, 2010 trial setting.

**PROCEDURAL BACKGROUND**

Plaintiffs Michael and Diana Pandolfo originally filed this civil action in the First Judicial District Court, County of Santa Fe, State of New Mexico. The Defendants filed their notice of removal to federal district court on March 4, 2008. See Notice of Removal, filed March 4, 2008

(Doc. 1). On that same day, the Defendants also filed their Answer to the Plaintiffs' Complaint. See Answer to Plaintiffs' Complaint to Recover Damages for Personal Injury and Loss of Consortium, filed March 4, 2008 (Doc. 2). The Court initially scheduled the trial of this case for April 13, 2009. On July 24, 2008, the Plaintiffs, unopposed by the Defendants, asked the Court to vacate the trial setting and amend the scheduling order. See Plaintiffs' Unopposed Motion to Vacate Trial Setting and for Amended Scheduling Order, filed July 24, 2008 (Doc. 13). The Court granted the motion. See Stipulated Order Granting Plaintiffs' Motion to Vacate Trial Setting and for Amended Scheduling Order, filed August 12, 2008 (Doc. 14). The next trial setting was for May 11, 2009, but the parties jointly moved to vacate that trial setting. See Joint Motion to Vacate Trial Setting, Pre-Trial Hearing, and Remaining Trial Deadlines and for Second Amended Scheduling Order, filed April 21, 2009 (Doc. 43). The Court granted that motion as well. See Stipulated Order Granting Joint Motion to Vacate Trial Setting, Pre-Trial Hearing, and Remaining Trial Deadlines and for Amended Scheduling Order, filed April 23, 2009 (Doc. 45). The Court rescheduled the trial to take place from November 2, 2009 through November 5, 2009.

       The Plaintiffs moved to amend their Complaint on January 30, 2009, see Plaintiffs' Opposed Motion for Leave to Amend Complaint, filed January 30, 2009 (Doc. 32), and the Court granted that motion on April 15, 2009, see Memorandum Opinion and Order, filed April 15, 2009 (Doc. 42). On January 4, 2010, pursuant to an order granting it leave to do so, Allstate Property and Casualty Insurance Company filed a Complaint-in-Intervention in the case, asking the Court to grant it declaratory relief regarding its coverage obligations with respect to the Defendants. See Complaint-in-Intervention for Declaratory Relief, filed January 4, 2010 (Doc. 61). Based on some of these events, the Court rescheduled the trial twice more, first pushing it back to begin on January 11, 2010, and then pushing it back to its current scheduled start date: April 19, 2010. The

case was moving slowly but steadily toward trial.

On April 12, 2010, the Defendants filed a motion to stay proceedings and, effectively, a motion to vacate the April 19, 2010 trial setting. See Motion ¶¶ 1-2, at 1-2. They assert that B. Grady works for a military contractor and is stationed in Afghanistan until March 2011, and that N. Grady is in the U.S. Army, currently stationed at Fort Campbell in Kentucky, and is unavailable because of mandatory training exercises in preparation for deployment to the Middle East. See id. Ganesha Martin, the Plaintiffs' attorney, argued in response to this motion at the hearing. Ms. Martin had two primary concerns: (i) the late notice -- less than a week before trial -- that the Defendants provided; and (ii) the apparent indefinite duration of the stay that the Defendants request with this motion. See Transcript of Hearing at 3:12-4:10 (taken April 12, 2010)("Tr.")(Martin).[1] Mark Klecan, the Defendants' attorney, conceded that he was unaware of any cases that apply the Servicemembers Civil Relief Act to military contractors such as B. Grady. See Tr. at 7:1-5 (Klecan). Mr. Klecan stated that, while he was uncertain whether B. Grady would be available for a trial setting before B. Grady's return in one year, the Defendants would prefer not to stay the case for a full year and would attempt to make other accommodations, such as a videotaped deposition. See Tr. at 7:17-8:11 (Klecan). Mr. Klecan presented the Court with a letter from B. Grady's employer explaining his unavailability and the dates thereof, and promised that, if he could acquire one, a similar letter from N. Grady's commanding officer would be forthcoming. See Tr. at 8:12-10:1 (Court, Klecan). He was able to produce two memorandums. See Memorandum for United States District Court in New Mexico for Captain Brian S. Burns (dated April 14, 2010), filed April 14, 2010 (Doc. 71)("CO Memo. 1"); Memorandum for United States District Court in New

---

[1] The Court's citations to transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Mexico by Captain Brian S. Burns (dated April 14, 2010), filed April 16, 2010 (Doc. 73) ("CO Memo. 2").[2]

## RELEVANT LAW ON THE SERVICEMEMBERS CIVIL RELIEF ACT

In 1940, Congress passed the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 through 596 ("SCRA"). In doing so, Congress stated two purposes that the SCRA would further:

> (1) to provide for, strengthen, and expedite the national defense through protection extended by this Act . . . to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 App. U.S.C. § 502. The statute defines "servicemember" as "a member of the uniformed services, as that term is defined in section 101(a)(5) of title 10, United States Code." 50 App. U.S.C. § 511(1). 10 U.S.C. § 101(a)(5) defines "uniformed services" to include: (i) the armed forces; (ii) the commissioned corps of the National Oceanic and Atmospheric Administration; and (iii) the commissioned corps of the Public Health Service. 10 U.S.C. § 101(a)(5). "The term 'armed forces' means the Army, Navy, Air Force, Marine Corps, and Coast Guard." 10 U.S.C. § 101(a)(4).

Relevant to this action is 50 App. U.S.C. § 522, which discusses when a court may or must stay proceedings based on a servicemember's unavailability for trial. Section 522 "applies to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section . . . is in military service or is within 90 days after termination of or release from military service; and . . . has received notice of the action or proceeding." 50 App. U.S.C. § 522(a). "At any stage before final judgment in a civil action or proceeding in which a servicemember

---

[2] Tarra Hoden, Allstate's attorney, stated that Allstate did not oppose the motion and would probably agree with the Defendants. See Tr. at 6:16-19 (Court, Hoden).

described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . . ." Id. § 522(b)(1). See Turner v. A. Passmore & Sons Inc., 341 Fed. Appx. 363, 370 (10th Cir. 2009)("Section 522 provides that a court may, on its own motion, and must at the servicemember's request, stay any proceeding in which a servicemember is a party, under certain conditions."). Such stay is only appropriate, however, where the servicemember can provide two items to the court to verify his or her service:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b)(2). Presumably, the two requirements can be met with a single "letter or other communication," so long as it states all of the facts that §§ 522(b)(2)(A) and (B) requires.

## ANALYSIS

The Court finds that it must stay the proceedings in this case. The SCRA mandates that a court "shall" stay proceedings upon application by a servicemember if that servicemember can provide a letter or other communication setting forth certain facts: (i) the manner in which the military duty requirements materially affect his or her ability to appear; (ii) the date upon which the servicemember will be available to appear; (iii) that his or her military duty prevents appearance; and (iv) that military leave is not authorized for the servicemember at the time of the letter. See 50 App. U.S.C. § 522(b)(2). The latter two facts must be contained in a letter from the servicemember's commanding officer. See 50 App. U.S.C. § 522(b)(2)(B).

N. Grady is a servicemember under the SCRA. He is a member of a branch of the armed

forces -- specifically the United States Army. See 50 App. U.S.C. § 511(1); 10 U.S.C. §§ 101(a)(4) and (5). He has made a request that the Court stay proceedings based on his upcoming mandatory training exercises and preparation for deployment to Afghanistan. He submitted two memorandums that appear to be from N. Grady's commanding officer.[3] The first memorandum stated that "required" training "prevents [N. Grady] from appearing in court 19 April and throughout the month of July." The memorandum informs the Court that N. Grady's military duties will materially affect his ability to appear and implies that N. Grady will be available after the month of July. The second memorandum that Captain Burns provided informed the Court that leave will not be available during the week of April 19, 2010. See CO Memo. 2 at 1.[4] The first memorandum informs the Court that N. Grady is eligible for leave during part of the months of May and June, but the SCRA states that a stay of "not less than 90 days" is mandated if the servicemember satisfies the requirements of § 522(b)(2). The earliest the Court could lift the stay is mid-July, thus the Court appears unable to insist that the case proceed in May or June, notwithstanding that N. Grady is available during part of that time.[5] On the other hand, while the Court cannot hold a trial during that time, Mr. Klecan

---

[3] The memorandums are signed "Brian S. Burns, CPT, IN Commanding." While the memorandum is not as clear as the Court would like, the Court believes it can reasonably infer that Captain Burns is N. Grady's commanding officer.

[4] The memorandum itself actually states that "PFC Grady, Nicholas is not required for leave during 19 April 2009." CO Memo. 2 at 1 (emphasis added). The memorandum was faxed to the Court in response to a request for verification that N. Grady will not be eligible for leave on the week of April 19, 2010. Based on the speed with which Captain Burns was required to provide the memorandum, the lack of any indication that the memorandum would not provide the information that the Court sought, the content of the first memorandum, and context clues from the remainder of the memorandum, the Court finds that the sentence was merely poorly drafted, and was intended to state that "PFC Grady, Nicholas is not authorized for leave during 19 April 2010."

[5] The Court was concerned that the date N. Grady will be available to appear was not as clear in the first memorandum as the SCRA requires. Accordingly, the Court's Courtroom Deputy Clerk, K'Aun Wild, called counsel, and asked Mr. Klecan to send a letter representing when N. Grady

might consider taking a video deposition of N. Grady during the time in the hope that further stays will not be necessary based on his unavailability in the future.

The Court agrees that the SCRA's plain language does not include military contractors such as B. Grady's employer. The Court will therefore not consider his status in ruling on this motion. Because N. Grady, however, has satisfied the SCRA's requirements for mandatory stay of civil proceedings against him, the Court will grant the Defendants' motion to stay.

**IT IS ORDERED** that the Defendants' Motion for Stay of Proceeding is granted. The Court will stay the proceedings for 90 days -- until July 15, 2010. Trial is set for July 26, 2010 to July 28, 2010.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Ganesha M. Martin
Fadduol, Cluff & Hardy, P.C.
Albuquerque, New Mexico

> *Attorney for the Plaintiffs*

Dale R. Rugge
Rugge, Rosales & Associates, P.C.
Albuquerque, New Mexico

> *Attorney for the Plaintiff in Intervention*

---

would be available. Captain Burns' second memorandum provided this information, stating that N. Grady "will be authorized for leave during 28 May 2010 until 13 June 2010," and "will be authorized for leave 22-28 January 2012." CO Memo. 2 at 1.